**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

WILLIAM EDWARD HAWTHORNE,  )
　　　　　　　　　　　　　　　　)
　　　Plaintiff,　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　　) Case No. 3:21-cv-5355
　　　　　　　　　　　　　　　　)
INNOVATIVE RECOVERY, INC.,　　)
　　　　　　　　　　　　　　　　)
　　　Defendant.　　　　　　　　　)

## PLAINTIFF'S COMPLAINT

Plaintiff, WILLIAM EDWARD HAWTHORNE ("Plaintiff"), through his attorney, Sharon D. Cousineau, alleges the following against Defendant, INNOVATIVE RECOVERY, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq*. ("FDCPA").

### JURISDICTION AND VENUE

2. This court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692k

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this district are proper because Defendant does or transacts business within this district, and a material portion of the events at issue occurred in this district.

## PARTIES

5. Plaintiff is a natural person residing in the City of Buckley, Pierce County, State of Washington.

6. Plaintiff is a consumer as that term is defined by the FDCPA.

7. Plaintiff is a person as that term is defined by the FDCPA.

8. Plaintiff allegedly owes a debt as that term is defined by the FDCPA.

9. Defendant is a debt collector as that term is defined by the FDCPA.

10. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

11. Defendant is a Texas business corporation and collection agency based in the City of Dallas, Dallas County, State of Texas.

12. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

13. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

14. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

PLAINTIFF'S COMPLAINT

2

Sharon D. Cousineau
Samwel Cousineau, PC
700 West Evergreen Boulevard
Vancouver, Washington 98660
Tel. 360-750-3789 / Fax 360-750-3788

15. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

16. Defendant is attempting to collect a consumer debt from Plaintiff, allegedly owed by Plaintiff arising from a balance due to "APARTMENT-IMT GALLERY 421".

17. The alleged debt at issue arises from transactions for personal, family, and household purposes.

18. Plaintiff does not owe the alleged debt.

19. The alleged debt is apparently owed by someone with the same or similar name as Plaintiff.

20. Within the past one year, Defendant has been engaged in attempts to collect the alleged debt from Plaintiff.

21. Defendant sends collection letters to Plaintiff in an attempt to collect the alleged debt.

22. In response to receiving the above-referenced collection letters, Plaintiff called Defendant.

23. After several attempts, on or about May 13, 2020, Plaintiff was able to speak with one of Defendant's female collectors.

24. During the above-referenced call:

    a. Plaintiff disputed owing the alleged debt;

    b. Defendant's collector requested that Plaintiff confirm his date of birth;

    c. Plaintiff complied and provided is date of birth;

    d. Defendant's collector determined that Plaintiff's date of birth did not match with the date of birth in Defendant's file; and

    e. Defendant's collector confirmed that Plaintiff was not who Defendant was

PLAINTIFF'S COMPLAINT

3

Sharon D. Cousineau
Samwel Cousineau, PC
700 West Evergreen Boulevard
Vancouver, Washington 98660
Tel. 360-750-3789 / Fax 360-750-3788

attempting to collect from and assured Plaintiff that Defendant would "take care of this".

25. Despite Plaintiff disputing owing the alleged debt, and Defendant's collector confirming that Plaintiff is not the individual Defendant is seeking to collect the alleged debt from, Defendant continued to attempt to collect the alleged debt by sending further collection letters.

26. On or about June 11, 2020, in response to one of Defendant's subsequent collection letters, Plaintiff again called Defendant and spoke to one of its debt collectors.

27. During the above-referenced call:

    a. Plaintiff again disputed owing the alleged debt;

    b. Plaintiff requested to speak to one of Defendant's supervisors; and

    c. Defendant's collector hung up on Plaintiff.

28. By August 2020, Plaintiff learned that Defendant was furnishing/reporting the erroneous debt/tradeline to, at least, Experian Information Solutions, Inc. ("Experian") and that the erroneous debt/tradeline was being reported on his Experian consumer report.

29. The natural consequences of Defendant's statements and actions was to unjustly condemn and vilify Plaintiff for his non-payment of the alleged debt—a debt that he does not even owe.

30. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

31. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

PLAINTIFF'S COMPLAINT

4

Sharon D. Cousineau
Samwel Cousineau, PC
700 West Evergreen Boulevard
Vancouver, Washington 98660
Tel. 360-750-3789 / Fax 360-750-3788

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

32. Defendant violated the FDCPA based on the following:

   a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt when Defendant attempted to collect a debt from Plaintiff that Plaintiff does not owe—and then still attempted to collect the alleged debt from Plaintiff even when Defendant clearly knew that Plaintiff did not owe the alleged debt;

   b. Defendant further violated § 1692d of the FDCPA when Defendant continued to call Plaintiff after Plaintiff disputed owing the alleged debt and refused to pay the alleged debt;

   c. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant engaged in, at least, the following discrete violations of § 1692e;

   d. Defendant violated § 1692e(2)(A) of the FDCPA by its false representation of the character, amount, or legal status of any debt when Defendant attempted to collect a debt that Plaintiff does not owe;

   e. Defendant violated § 1692e(8) of the FDCPA by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, when Defendant reported the alleged debt/tradeline to, at least, Plaintiff's Experian consumer report with knowledge of the falsity of the information;

   f. Defendant violated § 1692e(10) of the FDCPA by its use of any false, deceptive,

PLAINTIFF'S COMPLAINT

5

Sharon D. Cousineau
Samwel Cousineau, PC
700 West Evergreen Boulevard
Vancouver, Washington 98660
Tel. 360-750-3789 / Fax 360-750-3788

or misleading representation or means in connection with the collection of any debt when Defendant engaged in, at least, the foregoing discrete violations of § 1692e;

g. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Defendant engaged in all of the misconduct alleged herein;

h. Defendant violated § 1692f(1) of the FDCPA by its attempted collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law when it attempted to collect a debt from Plaintiff that Plaintiff does not owe;

i. Defendant violated § 1692g(a)(3) of the FDCPA by ignoring Plaintiff's oral dispute of the validity of the alleged debt and continuing to assume the validity of the alleged debt when Defendant ignored Plaintiff's oral dispute of the alleged debt and continued to pursue Plaintiff for payment of a debt that Defendant knew was erroneous; and

j. Defendant violated § 1692g(b) of the FDCPA by engaging in collection activities and communication that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt when Defendant ignored Plaintiff's oral dispute of the alleged debt and continued to pursue Plaintiff for payment of a debt that Defendant knew was erroneous.

WHEREFORE, Plaintiff, WILLIAM EDWARD HAWTHORNE, respectfully requests judgment be entered against Defendant, INNOVATIVE RECOVERY, INC., for the following:

PLAINTIFF'S COMPLAINT

6

Sharon D. Cousineau
Samwel Cousineau, PC
700 West Evergreen Boulevard
Vancouver, Washington 98660
Tel. 360-750-3789 / Fax 360-750-3788

33. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

34. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

35. Any other relief that this Honorable Court deems appropriate.

DATED:  May 12, 2021                                    RESPECTFULLY SUBMITTED,

By:  /s/Sharon D. Cousineau
     Sharon D. Cousineau
     SAMWEL COUSINEAU, PC
     700 West Evergreen Blvd.
     Vancouver, WA 98660
     Tel. 360-750-3789
     Fax 360-750-3788
     sdcousineau@gmail.com